THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVE A. BUFFO, Defendant-Appellee.

First District (3rd Division)   No. 1—88—2275

Opinion filed August 15, 1990.

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Linda Woloshin, Toi Houston, and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Karen E. Tietz and Celia Gallagher, Assistant Public Defenders, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Steve A. Buffo, was charged by misdemeanor complaint with one count each of unlawful use of a weapon, unlawful possession of a firearm and failure to produce a firearm registration certificate. Defendant filed a pretrial motion to quash arrest and to suppress evidence, which the trial court granted after an evidentiary hearing. The State appeals. 107 Ill. 2d R. 604(a)(1).

At the evidentiary hearing, defendant testified, *inter alia*, that, on May 24, 1988, at about 9 p.m., he was driving north on Laramie when he was stopped by the police. The police searched his car and confiscated a gun therefrom. Chicago police officer James McDonald testified that he first noticed defendant, who was driving behind him, when defendant's bright headlight or lights blinded his vision to the rear. After stopping defendant and obtaining his driver's license, McDonald ran defendant's name through his mobile computer. The computer informed McDonald that defendant's license was suspended. Based on that information, McDonald placed defendant under arrest, handcuffed him and placed him in the squad car. Thereafter, McDonald, "went back to secure [defendant's] *** vehicle and back it up so that it was properly parked." Asked if the car was illegally parked, McDonald answered, "Yes, it was up by the traffic light." Upon entering the vehicle and putting his foot by the gas pedal, McDonald observed a "twenty-five automatic" by his foot. After looking "around" the vehicle further, McDonald locked it and returned to the squad car.

In deciding defendant's motion, the trial court first stated that it had "no problem" with the initial stop of defendant or with the fact that McDonald's mobile computer indicated that defendant's license had been suspended.[1] However, the court then held that McDonald

---

[1]The court thus rejected defendant's testimony that his bright lights had not been on before being stopped and his attempt to establish lack of probable cause for the stop by showing that his license was not, in fact, suspended at that time.

had no right to enter defendant's vehicle without defendant's request or consent or evidence that no one else could have moved his vehicle for him. It so held notwithstanding that McDonald had used his common sense in entering and moving defendant's car knowing that the car was illegally parked.

OPINION

On appeal, the State contends the trial court's grant of defendant's motion was manifestly erroneous. Specifically, the State asserts that Officer McDonald observed defendant's gun in plain view from a place where he had a lawful right to be and that, therefore, his entry into defendant's car did not constitute a "search" in the constitutional sense. Expanding on McDonald's right to be in defendant's car, the State asserts that he entered the car on the basis of exigent circumstances, *viz.*, the need to secure defendant's car and, more importantly, the need to ensure the safety of the public highways by removing defendant's car from its illegally parked location near a traffic light.

■■ We cannot agree with the State that Officer McDonald's entry into defendant's vehicle was justified by exigent circumstances. In so arguing, the State completely ignores that it was McDonald's failure, in the first place, to ensure that defendant parked his vehicle legally before stopping him that created the allegedly exigent circumstance upon which it now relies to justify McDonald's subsequent entry into the vehicle. Given that fact, a finding that McDonald was justified by exigent circumstances in entering defendant's car would provide the police an incentive to create exigent circumstances in order to validate other impermissible searches and seizures in the future. We do not believe that the exigent circumstances exception to the fourth amendment's search warrant requirement should be so perverted.

In this regard, it may be argued that Officer McDonald did not know that an arrest would result from an otherwise routine traffic stop conducted for the purpose of issuing a citation and that, absent such knowledge, his failure to have required defendant to stop at a legal parking space should not invalidate his entry into the stopped vehicle after an arrest became necessary. However, we believe that the possibility of an arrest resulting from a routine traffic stop is sufficiently high that the police should pull a vehicle over to a legal parking space or, at least, to a point in the road at which the vehicle will not obstruct traffic. Having failed to do so, Officer McDonald could not take advantage of that failure to enter defendant's car on the pretext of an exigent circumstance. In so holding, we also take note of

the fact that, after he discovered defendant's weapon in the vehicle, Officer McDonald exited and locked the car without, in fact, moving it from where defendant had stopped. That additional failure by Officer McDonald makes the State's exigent circumstances argument an even more slender and tenuous reed upon which to hang his entry into the vehicle.

The State alternatively argues that, even if the seizure of defendant's weapon is not justifiable under the plain view and exigent circumstances exceptions to the fourth amendment's search warrant requirements, the weapon is admissible against defendant on the basis of the inevitable discovery rule (*Nix v. Williams* (1984), 467 U.S. 431, 81 L. Ed. 2d 377, 104 S. Ct. 2501) or the good faith of Officer McDonald.

With respect to the former, the State notes the requirement for application of that rule that it be shown, by a preponderance of the evidence, that the evidence at issue would have been discovered by lawful means. (*Nix*, 467 U.S. at 444, 81 L. Ed. 2d at 387-88, 104 S. Ct. at 2509.) In accordance with that requirement, the State argues that in this case "lawful means included the fact that the officer could have had the car towed subsequently, resulting in a valid inventory search or administrative caretaking procedure," citing *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092. We find this argument unavailing.

Firstly, we believe that the preponderance of the evidence standard applied to the "lawful means" requirement for application of the inevitable discovery rule recognizes that a court, whether of trial or review, must be able to conclude that the evidence at issue would have inevitably been discovered by lawful means *from the record before it*. That requirement is not met in this case, where it is only on appeal, and without evidentiary support, that the State seeks to justify the admissibility of defendant's weapon on the basis of an inevitable and lawful inventory search or other caretaking procedure. The fact that we might take judicial notice of the legality of inventory searches as a general rule does nothing to cure the State's failure to show that such a search of defendant's car would have been, in fact, conducted after his arrest. Because of that failure and because it did not involve the inevitable discovery rule, *Opperman*, in which an inventory search of the defendant's car was conducted after it was legally impounded, provides no support for the State's argument.

With respect to the State's "good faith" argument, we must note that *Michigan v. Tucker* (1974), 417 U.S. 433, 41 L. Ed. 2d 182, 94 S. Ct. 2357, the case upon which it relies therefor, was not a

fourth amendment case. Rather, it involved the right established in *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, of an indigent defendant to be advised of the right to have counsel appointed for him. In concluding that the defendant was not entitled to the exclusion of evidence obtained as a result of his interrogation, the court relied, *inter alia,* upon the fact that the police had acted in good faith in advising the defendant of his rights. Specifically, the court noted that the defendant's interrogation occurred prior to the pronouncement of the *Miranda* decision and that he was advised of his rights as they had been pronounced in the earlier decision of *Escobedo v. Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758.

Because it did not involve the fourth amendment and, more importantly, because Officer McDonald did not, like the police officers in that case, act in accordance with any good-faith interpretation of law existing at the time of defendant's arrest, we find *Tucker* unavailing to the State. On a more fundamental level, we do not believe that there is a good-faith exception to the fourth amendment's search warrant requirement applicable to warrantless searches, as opposed to searches pursuant to defective warrants. In *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, the Supreme Court established an exception to the exclusionary rule in cases where the police have acted in good-faith reliance upon search warrants later invalidated. However, Illinois courts have heretofore declined to extend the good-faith exception first recognized in *Leon* to the context of searches not conducted pursuant either to warrant or statute. (*People v. Madison* (1988), 121 Ill. 2d 195, 520 N.E.2d 374, *cert. denied* (1988), 488 U.S. 907, 102 L. Ed. 2d 246, 109 S. Ct. 257; *People v. James* (1986), 149 Ill. App. 3d 214, 500 N.E.2d 474, *rev'd on other grounds* (1987), 118 Ill. 2d 214, 514 N.E.2d 998, *cert. denied* (1988), 484 U.S. 1045, 98 L. Ed. 2d 866, 108 S. Ct. 780; *People v. Potter* (1986), 140 Ill. App. 3d 693, 489 N.E.2d 334.) We also decline to do so.

For all of the foregoing reasons, we affirm the order of the trial court granting defendant's motion to suppress evidence and to quash his arrest.

Affirmed.

RIZZI and WHITE, JJ., concur.